# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. LEVITT,<br><br>　　　　　Appellant,<br><br>　　vs.<br><br>MIRIAM LEVITT, et al,<br><br>　　　　　Appellees.<br>_____/ | CASE NO. CV-F-06-1729 LJO<br><br>**ORDER DENYING MOTION TO DISMISS;<br>ORDER DENYING APPEAL** |

## I. Introduction

Before the Court is an appeal from a bankruptcy court's decision granting a motion by the Chapter 7 Trustee for the Estate of Miriam Levitt ("Chapter 7 Trustee") the authority to sell real property owned by the debtor, Miriam Levitt ("Mrs. Levitt"). The Chapter 7 Trustee opposed Donald R. Levitt's ("Mr. Levitt's) appeal and has also filed a motion to dismiss. As Mr. Levitt argues, the issues in the motion to dismiss "are closely related to the issues of the appeal, and therefore, the motion should be considered with the appeal." Appellant's Opp. Mot. Dismiss at 6. For the following reasons, Appellee's motion to dismiss is DENIED and Appellant's Appeal is DENIED.

## II. Background

This is an appeal from an order entered on November 8, 2006 in the United States Bankruptcy Court, granting the Chapter 7 Trustee authority to sell property of Ms. Levitt's estate. Mr. Levitt contends that the order appealed from "wrongly infringes on his community property interest in the

homestead exemption in the property authorized for sale and that the order derives from improper federal bankruptcy court impairment of [Mr. Levitt's] state community property rights in the homestead." Appellant's Opening Brief at 5.

On July 31, 2003, Mrs. Levitt filed for voluntary chapter 7 petition in bankruptcy. Mrs. Levitt listed a homestead interest in real property that was owned as community property by both Mr. and Mrs. Levitt. On June 29, 2006, the Chapter 7 Trustee filed a motion for authority to sell the real property, with the purchaser to be Mrs. Levitt. At the time of the proposed sale, Mr. Levitt and Mrs. Levitt had dissolved their marriage, but a final division of community property had not taken place in state court.

The trustee gave a value of $312,000 for the property, but sold it to Mrs. Levitt for $115,000. An explanation of the determination of the sales price indicated that the sale did not include a sale of other interests: the homestead exemption claimed by Mrs. Levitt in the amount of $75,000, the mortgage currently encumbering the property in the amount of $88,000, and an interest represented by costs of sale if the property were to be sold on the market in the amount of $21,800.

Mr. Levitt opposed the sale of the property "on the grounds that [Mr. Levitt] will pay one hundred and thirty thousand dollars ($130,000.00) for the equity in the property." Opposition to Mot. For Authority to Sell Real Property, p.1 (July 21, 2006). At that time, Mr. Levitt also requested "that the court order that upon close of the escrow for the equity in the Property that any excess funds be divided between the debtor and Mr. Levitt pursuant to further order of the family law court." *Id.* In oral argument and in written opposition, Mr. Levitt's opposition was based on a question of "what was being sold." He argued that the equity interests in the property represented by the homestead exemption and the selling costs could not be sold to Mrs. Levitt, because those items had been backed out from the sales scheme used to determine the sales price. He further argued that these two equity interests were the subject of division by the family law court proceeding, which had yet to make a final division of the parties' community property.

In ruling on the motion, the Bankruptcy Judge first noted that this was a "real issue," as she has previously encountered a similar issue through a phone call from a family law judge in an unrelated matter. Excerpts of Record at 70. Ultimately, the Bankruptcy Judge decided that the trustee owns the real property in question and not just the equity above and beyond the deed of trust and the homestead

exemption as Mr. Levitt argued. The court ruled that the trustee has the entire bundle of ownership rights and therefore can sell the property to Mrs. Levitt, subject to valid liens, deeds of trust, encumbrances and also the debtor's homestead exemption. As the Bankruptcy Court explained:

> The trustee is selling not just the equity but the real property, the thing, the res, to Mrs. Miriam Levitt for a price. And what is that price? That price is the balance on the deed of trust, the amount of the homestead exemption, and one–and one hundred fifteen thousand dollars cash...The trustee owns the real property. He's selling it to Mrs. Levitt for her assumption of or agreement to pay the deed of trust, for her–subject to her homestead exemption, and for one hundred fifteen thousand dollars cash. That's what the trustee is selling. (Excerpts of Record at 94).

Mr. Levitt filed this appeal, but did not post a bond to halt or delay enforcement of the order.[1] The real property was thereafter sold and the Chapter 7 trustee has been paid. In his opening brief, Mr. Levitt concludes the following, which this Court assumes is a statement of the relief he seeks:

> this court should hold that the trustee's motion to sell the property to [Mrs. Levitt] does not include the equities represented by the homestead and the sales costs that were backed out of the sale scheme, because the equities represented by the homestead exemption and the sales costs have nothing to do with paying off the debts owned by [Mrs. Levitt]. [Mr. Levitt] requests that jurisdiction over the property be given to the state court for further proceedings, and determination of further interests to the property (if any), under applicable state law, once the trustee receives $115,000 for sale of the property to Mrs. Levitt. Finally, it is requested that the reviewing court provide any and all adequate protection to [Mr. Levitt] to any potential interest he may have to the property (Appellant's Opening Brief at 12).

The Chapter 7 Trustee filed the instant motion to dismiss for the following reason: "Evidently, Appellant's objective in opposing the motion for authority to sell real property was to stop the Trustee's sale of the estates real property. Because the sale has been completed, the Court can not longer grant effective relief to Appellant. The change in circumstances has, therefore, rendered the appeal moot." Memo in Support of Mot. Dismiss, p.2.[2] In response, Mr. Levitt argues that effective relief is still available to him as the declarant of the homestead exemption, Mrs. Levitt, has maintained title and interests to the property. He further asserts that the family law court is the proper place in which to divide marital assets that the bankruptcy court does not deal with.

---

[1] Mr. Levitt filed an unnoticed motion to stay proceedings pending appeal. This motion was denied.

[2] Appellee's Memorandum in Support of a Motion to Dismiss Appeal as Moot consists of 16 lines, which covers the introduction, background, legal authority, argument and conclusion.

### III.  Discussion

**A.   Motion to Dismiss**

Moot cases "as those which have lost their character as present, live controversies.*" Northwest Environmental Defense Center v. Gordon*, 849 F.2d 1241. 1244 (9th Cir. 1988) (citing *Lindquist v. Idaho State Board of Corrections*, 776 F.2d 851, 853-54 (9th Cir. 1985).  The burden of demonstrating mootness is a heavy one.  *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 59 L.Ed.2d 642 (1979) (cited in *Northwest Environmental Defense Center v. Gordon*, 849 F.2d 1241  The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted.  *Northwest Environmental Defense Center*, 849 F.2d 1241, 1244, citing *United States v. Geophysical Corp.,* 732 F.2d 693, 698 (9th Cir. 1984).

As noted by the Ninth Circuit consistently, the "party moving for dismissal on mootness grounds bears a heavy burden." *Coral Const. Co. v. King County*, 941 F.2d 910, 927-28 (9th Cir. 1991), *cert. denied*, 502 U.S. 1033, 112 S. Ct. 875 (1992); see also, *Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir. 2004); *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 59 L.Ed.2d 642 (1979) (cited in *Northwest Environmental Defense Center v. Gordon*, 849 F.2d 1241.  Having read and reviewed the appellee's motion to dismiss, the court notes that there is an absence of legal argument or authority.  The appellee makes an assumption about motivation for appellant's motion.  That assumption is followed by a legal conclusion unsupported by any argument, authority or reasoning.  As such, appellee has failed to prove to this Court why there is no effective relief.

The sale of the house does not render this case moot.  The "completion of an activity is not the hallmark of mootness.  Rather, a case is moot only where no effective relief for the alleged violation can be given." *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001).  "[C]ourts of equity have broad discretion in shaping remedies." *Garcia v. Lawn*, 805 F.2d 1400, 1403 (9th Cir. 1986).  Thus, the question is not whether "the precise relief sought...is still available.  The question is whether there can be any effective relief." *Id.*

In this case, its seems Mr. Levitt is seeking declaratory relief and remand to family law court to determine interest in the homestead exemption.  The appellee has not argued why the Court is unable to effectuate these types of relief.  Accordingly, the motion to dismiss is DENIED.

**B. Appeal**

A district court reviews de novo a bankruptcy court's conclusions of law. *Paulman v. Gateway Venture Partners III*, 163 F.3d 570, 575 (9th Cir. 1998). Findings of fact by the bankruptcy judge shall not be disturbed unless they are clearly erroneous. Fed. R. Bankr. Proc. 8013. "Mixed questions of law and fact are reviewed de novo. Such a question arises when the historical facts are established, the rule of law is undisputed, and the issue is whether the facts satisfy the rule." *In re OTA*, 179 B.R. 149, 155 (B.A.P. 9th Cir. 1995).

Mr. Levitt's appeal is unclear. Mr. Levitt frames his argument in the form of four questions posed to this Court:

> (1) Did the Trustee's Motion to See to Miriam Levitt the property include the equity represented by the homestead exemption and sales costs?
> (2) Did Mr. Levitt have vested rights to the equities represented by the homestead exemption and sale costs?
> (3) To what extent can Federal Bankruptcy Law impair state law community property rights?
> (4) Under state law, doesn't Mr. Levitt share the vested homestead right with Mrs. Levitt? Can the Bankruptcy judge impair that right of the non-debtor spouse, while uphold that right of the debtor spouse?

The answer to Mr. Levitt's first question is clear from the bankruptcy court's order, as quoted above. In both written and oral ruling, the bankruptcy court made clear what interest the estate had and what was being sold. Therefore, no further clarification on that point is needed.

In his argument, Mr. Levitt raises issues and arguments for the first time on appeal. First, Mr. Levitt's second, third and fourth questions/issues were never directly or properly raised at the bankruptcy court level. Mr. Levitt asked the court to define what interests were being sold, but did not ask the questions now posed before this Court. Further, Mr. Levitt argues that the bankruptcy court failed to utilize and consider 11 U.S.C. 363 Section (e). Appellant's Brief at 11. However, the record does not show that Mr. Levitt ever raised this issue at the bankruptcy court level. This court will not consider theories asserted for the first time on appeal. See *United States v. Kitsap Physicians Service*, 314 F.3d 995, 999 (9th Cir. 2002).

Mr. Levitt further argues that the Bankruptcy judge erred in acting without any state court determination of the property source of the homestead. For most of his argument, Mr. Levitt relies on

the case *In re Teel*, 34 B.R. 762 (9th Cir. BAP 1983). *In re Teel* in instructive. It explains that

> Frequently, a bankruptcy case is commenced by one spouse during the pendency of a dissolution or divorce proceeding. The bankruptcy petition terminates the jurisdiction of the divorce or dissolution court over, at least, the non-exempt assets of the spouses until all creditors are paid in full. The jurisdiction of the bankruptcy court is exclusive.

*Id* at. 763. Here, the bankruptcy court maintained jurisdiction. Moreover, Mr. Levitt never moved for a stay for a determination of rights by the family judge. Finally, *Teel* instructs that "a prudent approach would be for the bankruptcy court to expeditiously liquidate sufficient assets to pay creditors in full and then return the case to the dissolution court. This procedure has been recommended because the divorce or dissolution court is a wholly inadequate forum for resolving creditor claims." *Id.* From the record, it appears that the bankruptcy court has followed this prudent course. If Mr. Levitt has issues with the family law court, he is free to bring them there now that the bankruptcy court has resolved the creditor's claims. Accordingly, this appeal is DENIED.

### IV. Conclusion

(A)   Appellee's motion to dismiss is DENIED (Doc. 17);

(B)   Appellant's appeal is DENIED;

(C)   The hearing of June 13, 2007 is VACATED; and

(D)   The Clerk is instructed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **June 5, 2007**                              **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE